Previous filed with the CSO and cleared for public filing

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MOHAMEDOU OULD SALAHI,** )  <br>     **Petitioner/Plaintiff** ) <br> ) <br> v.  ) <br> ) <br> **GEORGE W. BUSH, et al.,** ) <br>     **Respondents/Defendants.** ) | Case No.  1:05cv00569 (JR) |

## MOTION TO STRIKE

Respondents have filed a "Reply in Support of Motion for Authorization of Special Litigation Team to Conduct Litigation on Behalf of DOD Privilege Team." Respondents' pleading is out of time, and Petitioner respectfully moves to strike it. In support thereof, Petitioner represents to the Court the following:

1. The opposition to which Respondents have filed their reply (Petitioner's Response to Respondents' Motion for Authorization of Special Litigation Team to Conduct Litigation on Behalf of DOD Privilege Team) was filed with the Court Security Officer on December 19, 2005. Under paragraph 46 of the Protective Order[1] "[t]he date and time of physical submission to the Court Security Officer shall be considered the date and time of filing with the Court."

2. Under Local Civil Rule 7(d), parties have five days within which to file a reply to an opposition to a motion. Under Fed. R. Civ. P. 6(a), the five days exclude Saturdays, Sundays,

---

[1] The full name for the Protective Order is: Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba.

and legal holidays. Under Fed. R. Civ. P. 5(b) and 6(e), three days are added if service is made in any fashion except hand delivery to an opposing attorney or his office.

3. On information and belief, the Court Security Officer delivers copies of pleadings immediately to counsel for Respondents, thus effecting personal service. However, even if three days are added to the five within which Respondents could file their reply, Respondents are still out of time.

4. The fifth day after Petitioner filed his opposition (excluding Saturdays, Sundays, and legal holidays) fell on December 27. We submit that this was the date on which Respondents' reply was due. Even if Respondents are allowed another three days, their reply was due on December 30. The instant filing, made after the close of business on January 3, 2006, is not in compliance with the applicable rules.

5. Moreover, Respondents' tactics illustrate the critical importance of observing the governing rules. Respondents filed their reply yesterday knowing full well that the Court has set this down for a hearing <u>today</u>. At the time Respondents' filing appeared on the ECF system, counsel for Petitioner was already en route from New Mexico to Washington. Respondents must have had their eleven-page pleading in at least draft form earlier in the day of January 3, and perhaps substantially in advance of that date, and yet they gave Petitioner's counsel no notice that such a pleading was contemplated. Respondents' decision to file this pleading out of time violates the rules of common courtesy which ought to govern the conduct of advocates before the Court, as well as the rules of procedure.

6. Respondents' reply adds no new legal or factual argument, and it is nothing more than an attempt to cause more delay to the detriment of Petitioner and his counsel.

WHEREFORE, Petitioner respectfully asks the Court to strike Respondent's reply.

Dated:   January 4, 2006

        Respectfully submitted,

        _____
        Law Office of Sylvia Royce
        Sylvia Royce, *pro bono*
        DC Bar Number 924035
        5505 Connecticut Avenue NW #340
        Washington, DC 20015
        Tel: (202) 362-3445
        Fax: (202) 686-4271
        sylvia_royce@hotmail.com

        FREEDMAN BOYD DANIELS
        HOLLANDER & GOLDBERG P.A.
        Nancy Hollander, *pro bono*
        Theresa M. Duncan, *pro bono*
        20 First Plaza, Suite 700
        Albuquerque, NM 87102
        (505) 842-9960
        (505) 842-0761 (facsimile)
        nh@fbdlaw.com
        tmd@fbdlaw.com

        Counsel for Petitioner/Plaintiff